**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5152**

———————

UNITED STATES OF AMERICA,

                                              Plaintiff - Appellee,

    versus

SHAMAREE DONTAE BROWN,

                                            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:05-cr-01251)

———————

Submitted: July 13, 2007           Decided: July 24, 2007

———————

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Reginald L. Lloyd, United States Attorney, C. Todd Hagins, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamaree Dontae Brown pled guilty to possession with intent to distribute 50 grams or more of cocaine base, and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C) (2000). Brown reserved the right to appeal the district court's denial of his motion to suppress. Finding no error, we affirm.

This court reviews the factual findings underlying a motion to suppress determination for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir.1998). If a warrant is found to be defective, the evidence obtained from the defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule. United States v. Leon, 468 U.S. 897, 922-23 (1984). Where, as here, the challenge is to both the probable cause determination and then also to the conclusion that the good faith exception applies, the court will ordinarily address the good faith determination first, unless the case involves the resolution of a novel question of law necessary to provide guidance to police officers and magistrates. See United States v. Legg, 18 F.3d 240,

243 (4th Cir. 1994); United States v. Craig, 861 F.2d 818, 820 (5th Cir. 1988)

Here, the affidavit supporting the warrant application was based partly on information provided by a known confidential informant that had demonstrated his or her reliability by providing information in the past that had led to arrests on five different occasions. Moreover, the investigator corroborated this information by surveilling Brown traveling on numerous occasions from the residence sought to be searched to another residence known to be associated with drug activity, by verifying that the utilities at the residence to be searched were registered in Brown's name, and by finding cocaine in the trash outside the searched premises the day before applying for the warrant. Accordingly, without reaching the question whether the search warrant was supported by probable cause, we find the district court correctly denied Brown's motion to suppress as there was an ample basis for applying the good faith exception recognized in Leon.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED